### Georgia, Florida & Alabama Railway Co. *v.* Nichols.

Beck, J. 1. It appearing on the trial that the plaintiff approached a public crossing over a railroad and was injured by coming in collision with a locomotive drawing a train of cars, which arrived at the crossing and passed over it just as the plaintiff went upon the railroad-track, it was proper for the court to give in charge to the jury the statute embraced in section 2675 of the Civil Code, requiring railroads to erect blow-posts at a given distance on each side of the public crossing, and prescribing the duty of the engineer to blow the whistle of the locomotive and to check and keep checking its speed as it approaches such crossing, from the time the locomotive arrives at the post until the crossing is reached.

(*a*) Nor was it error for the court, after having charged the blow-post law contained in the code section referred to, to add the instruction that this "applies not only when one is actually on the crossing but when one is approaching the crossing." If, under the petition in this case, it would have been proper to make this apply more particularly to one intending to cross the track, under the pleadings and evidence, not doing so furnishes no cause for a new trial.

2. The court having, in the course of his charge, instructed the jury as to the degree of care which the plaintiff (a child between five and six years old) was bound to exercise in approaching a public crossing over a railroad-track, it was not error to charge as follows: "If you believe the plaintiff was injured and damaged by the negligence of the defendant, you would first inquire into the extent of the injury, ascertain whether such injury is temporary or whether such injury is permanent. If only temporary, you would be authorized in awarding damages for such temporary injury as the evidence warrants you in believing the plaintiff has sustained. If permanent, then you would award him such damages as you believe under the evidence he is entitled to recover for such permanent injuries, if any."

3. The verdict was authorized by the evidence.

*Judgment affirmed. All the Justices concur.*
June 15, 1914.

Action for damages. Before Judge Worrill. Randolph superior court. January 27, 1913.

*T. S. Hawes, Krause & Rich, Rambo & Wright,* and *George H. Perry,* for plaintiff in error.

*M. C. Edwards* and *Smith & Miller,* contra.